# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)

FILED
U.S. District Court
District of Kansas
11/10/2026
Clerk, U.S. District Court
By: AS Deputy Clerk

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **CASE NO.** 26-6278-01-GEB

**YERRI RIVERA-LLANES,**

**Defendant.**

# CRIMINAL COMPLAINT

I, the undersigned complainant, being duly sworn, state that the following is true and correct to the best of my knowledge and belief:

## COUNT 1

**POSSESSION OF METHAMPHETAMIE**
**WITH THE INTENT TO DISTRIBUTE**
**[21 U.S.C. § 841]**

On or about November 9, 2026, within the District of Kansas, the defendant,

**YERRI RIVERA-LLANES,**

did unlawfully, knowingly, and intentionally possess, with the intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section 2.

I further state that I am a Task Force Officer for the Drug Enforcement Administration (DEA), and that this Complaint is based on the following facts:

See accompanying Affidavit, which is incorporated by reference as though set out in full herein, and offered in support of a finding that probable cause exists to believe the defendant, YERRI RIVERA-LLANES, committed the offenses set forth in this Complaint.

JONATHAN R. MARR
TFO, DEA

Sworn to before me and subscribed in my presence this 10th day of November 2026, in Wichita, Kansas.

After reviewing this Complaint and the accompanying Affidavit, there is probable cause to believe that defendant, YERRI RIVERA-LLANES, committed the offenses set forth in this Complaint.

Gwynne E. Birzer
United States Magistrate Judge

Signature of Judicial Officer

## PENALTIES

**Count 1: 21 U.S.C. §§ 841(a)(1), (b)(1)(C)**
**[Possession of a Controlled Substance with the Intent to Distribute]**

- Punishable by a term of imprisonment of not more than twenty (20) years. 21 U.S.C. § 841(b)(1)(C).
- A term of supervised release of at least three (3) years. 21 U.S.C. § 841(b)(1)(C).
- A fine not to exceed $1 million. 21 U.S.C. § 841(b)(1)(C).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).
- Forfeiture.

If the defendant commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final, the penalties are:

- A term of imprisonment of up to thirty (30) years. 21 U.S.C. § 841(b)(1)(C).
- A term of supervised release of at least six (6) years. 21 U.S.C. § 841(b)(1)(C).
- A fine not to exceed $2 million. 21 U.S.C. § 841(b)(1)(C).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A
- Forfeiture.

# AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Jonathan R. Marr, a Task Force Officer of the Drug Enforcement Administration ("DEA"), being duly sworn, depose and state that:

## INTRODUCTION AND AGENT BACKGROUND

1. I am an investigative or law enforcement officer of the United States, with the meaning of Title 18, United States Code, Section 2510(7) and am empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

2. I have been a Task Force Officer ("TFO") with the Drug Enforcement Administration ("DEA") since 2026. I have received approximately 643 hours of training at the Nebraska Law Enforcement Training Center ("NLETC") and approximately 40 hours of certification through the Kansas Law Enforcement Training Center ("KLETC") upon transferring my certification to Kansas in 2018. I am currently employed by the Haysville, Kansas Police Department. I was hired by the Haysville Police Department in November 2025, after moving back to Kansas. Prior to that, I was employed by the Douglas County Sheriff's Office in Omaha, Nebraska, from June 2024 to November 2025. Prior to June 2024, I was employed by the Haysville Police Department, where I served on the DEA Task Force from November 2019 to June 2024.

3. While at NLETC, I received basic instruction in areas such as interview and interrogation, narcotics identification and investigations, as well as writing and executing search warrants. As a TFO with the DEA, I continue to receive training in drug interdiction, drug identification, drug smuggling, clandestine manufacturing of narcotics, methods of packaging narcotics, distribution of narcotics, undercover operations, money laundering, and use of

confidential sources. During my Law Enforcement career, I have participated in numerous surveillance operations, including physical, wire, and electronic surveillance. I have interviewed numerous confidential sources, cooperating witnesses, and defendants regarding their criminal activities, including narcotics trafficking. These interviews have included the use and meaning of code words to conceal criminal activity. I have testified in both state and federal court. I have also written reports and analyzed records and documents. Throughout my assignment as a DEA TFO, I have gained knowledge of numerous investigative techniques, including physical surveillance, undercover agents, controlled purchases, controlled deliveries, investigative interviews, trash searches, mail covers, financial investigations, grand jury subpoenas, and the execution of federal and state search and arrest warrants.

4. In conducting my official duties, I have participated in narcotics investigations of alleged criminal violations of the Controlled Substances Act. Throughout these investigations, I have become familiar with the retail drug trade. Through these investigations, training and conversations with other agents familiar with narcotics trafficking and money laundering, I have become familiar with the methods employed by individuals and organizations engaged in narcotics trafficking and money laundering. Through these narcotics investigations, I have participated in the arrest of individuals involved in the smuggling, distribution, and sale of illegal narcotics. Through post-arrest interviews of individuals involved in the smuggling, distribution, and sale of illegal narcotics, I have learned the various methods employed by drug dealers to import, distribute, and sell illegal narcotics in the United States. Through investigative experience, training, and conversations with other investigators familiar with narcotics trafficking and money laundering, I have also become familiar with the use by drug traffickers of telephones to communicate; the patterns of activity of drug traffickers; the types and amounts of

profits made by drug dealers; and the methods, language, and terms that are used to disguise the source and nature of the profits from their illegal drug distribution activities.

5. As a result of my training and experience as a Task Force Officer, and overall law enforcement experiences thus far, I am familiar with the manner in which illegal drugs and bulk United States Currency are distributed and transported. Furthermore, I have investigated drug trafficking organizations responsible for violations of Title 21, United States Code, Section 841(a)(1). I am also part of an experienced team of narcotics investigators comprised of Special Agents and Detectives that have participated in numerous drug trafficking investigations utilizing various investigative techniques. I am familiar with, and continue to become more familiar with, the methods in which large scale drug trafficking organizations attempt to thwart detection by law enforcement. These tactics include, but are not limited to, the use of cellular telephone technology, coded communications and conversations, false or fictitious identities and addresses, money laundering techniques, and counter surveillance techniques.

6. The facts in this affidavit come from my training and experience, and information obtained from other investigators and witnesses. I am familiar with the facts and circumstances of the investigation through my personal observations, discussions with other law enforcement officers and from review of records related to the investigation.

7. Based upon the facts set forth in this affidavit, there is probable cause to believe violation of 21 U.S.C. § 841 (Possession with Intent to Distribute, or Distribution of, Controlled Substances).

## PROBABLE CAUSE

8. In September 2026, your affiant learned during a proffer interview with a cooperating defendant (hereinafter "CD") through the District of Kansas that Adrian SANCHEZ-Contreras (hereinafter "SANCHEZ-Contreras") was a methamphetamine Source of Supply ("SOS") for the CD prior to their incarceration in the Wichita area. CD reported to have received multi-pound increments of methamphetamine from SANCHEZ-Contreras on multiple occasions in 2026. Furthermore, CD reported SANCHEZ-Contreras was previously receiving his methamphetamine from a SOS in Colorado, though he had recently changed his source location to an unidentified SOS in Dallas, Texas. CD further reported he/she believed that SANCHEZ-Contreras was utilizing a Dodge Journey which had an aftermarket compartment built into the third-row seating, operated by an electric switch, to conceal and transport distribution amounts of narcotics via interstate.

9. Your affiant learned through law enforcement database inquiries that SANCHEZ-Contreras has a white in color Dodge Journey with Kansas license plate #4436AMB registered to him through the State of Kansas. Your affiant subsequently began monitoring the Journey's travel patterns through law enforcement databases and surveillance.

10. On November 9, 2026, your affiant became aware that the Journey was traveling northbound near Thackerville, Oklahoma. Your affiant became aware of the vehicle's location as the result of a License Plate Reader (LPR) notification. Additionally, your affiant learned that the Journey had traveled to Texas, from Wichita, after having departed Wichita on the same day in the early morning hours. Your affiant recognized this quick, direct trip to Texas, which your affiant knows through his training and experience is a source state for narcotics, as being consistent with the distribution of narcotics via interstate.

11. Your affiant then coordinated with Kansas Highway Patrol (KHP) Troopers in an attempt to have Troopers locate the Journey traveling through the District of Kansas. At 3:50 PM, Trooper Jory Custar conducted a traffic stop on the Journey for following too closely behind a Tractor-Trailer in violation of Kansas Statute Annotated 8-1523 in addition to the Journey having an expired vehicle registration which expired on October 31, 2026, in violation of Kansas Statute Annotated 8-142.

12. During the traffic stop, Trooper Custar contacted the driver and sole occupant of the vehicle, who was identified by his Kansas Driver's License as Yerri D. RIVERA-LLANES. During the enforcement action, Haysville Police Department Sergeant Randy Nowak and certified K-9 partner Taz arrived and conducted a free air sniff around the Journey. Following the free air sniff, Sgt. Nowak advised his K-9 partner alerted to the presence of a narcotic odor illuminated from the vehicle for which the K9 is trained to detect.

13. Troopers subsequently completed a search of the Journey. In doing so, Troopers located an aftermarket compartment under the third-row seat within the Journey. The compartment was able to be accessed through an electronically controlled panel concealed beneath the seat. When the compartment was accessed, it revealed approximately ten (10) one-gallon sized Ziplock bags that contained an off-white color crystalline substance.

14. Your affiant completed a preliminary field test of the crystalline substance using a TruNarc Device which resulted in a positive result for methamphetamine. RIVERA-LLANES was advised of his Miranda Rights, at which time he invoked his rights and declined to complete

an interview with investigators without a lawyer present. RIVERA-LLANES was arrested and ultimately transported to the Sedgwick County Jail for processing, where he is currently being held on a temporary federal hold.

Respectfully submitted,

Jonathan R. Marr
Task Force Officer
Drug Enforcement Administration

Subscribed and sworn to before me on November 10, 2026

HONORABLE GWYNNE E. BIRZER
UNITED STATES MAGISTRATE JUDGE